HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAY FRANK FISCHER, | CASE NO. C15-5212 RBL |
| Plaintiff, | ORDER DENYING IFP |
| v. | |
| ALWAYS HOPE TAYLOR HOUSING, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Jay Frank Fisher's proposed amended complaint [Dkt. #4] and application to proceed *in forma pauperis* [Dkt. #6]  The case is one of five[1] proposed complaints Fisher has filed this month.  In this case, Fisher seeks to sue Always Hope Taylor Housing and its property manager, Sharon York, for removing her from her room (apparently based on a protection order issued in Pierce County Superior Court, *see* Cause No. 15 cv 5156RBL).  She claims that she paid her rent and that she was only given 10-15 minutes to

---

[1] The cases are: *Fisher v. Pierce County Superior Court*, Cause No. 15 cv 5156RBL; *Fisher v. Always Hope Taylor Housing*, Cause No. 15 cv 5212RBL; *Fisher v. American Laser*, Cause No. 15 cv 5213RBL; *Fisher v. The Salvation Army*, Cause No. 15 cv 5220RBL; and *Fisher v Tacoma Police*, Cause No. 15 cv 5221RBL.

ORDER DENYING IFP - 1

vacate.  Fisher suggests that the eviction was a violation of the Fair Housing Act, but she has not identified what portion of that act was violated.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted."  *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact."  *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Plaintiff Fisher's claim against the the defendants in this cases does not meet this standard.  The court may have jurisdiction over a Fair Housing Act claim, but Fisher has yet to state a claim for a violation of that statute based on the eviction for failing to pay rent. She has

1   not identified what statute was violated in what way by the defendant, or how she was damaged
2   by the alleged violation.
3       For these reasons, the Motion to proceed *in forma pauperis* is DENIED.  Plaintiff shall
4   pay the filing fee or file an amended complaint addressing these deficiencies within 21 days of
5   this Order or the case will be dismissed without further notice.
6       IT IS SO ORDERED.
7       Dated this 28th day of April, 2015.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE